1 DAVID HARRISON CA Bar No. 206279
dshesq@gmail.com
2 LAW OFFICES OF DAVID HARRISON
9454 Wilshire Blvd., Suite 303
3 Beverly Hills, CA 90212
Telephone: 310.449.4732
4 Facsimile: 310.861.5444

5 Attorneys for Defendant
NEW AGE MEDICAL CLINIC PA
6

7

8 **UNITED STATES DISTRICT COURT**

9 **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| DEEBA ABEDI, Individually and on behalf of all others similarly situated, | Case No. 1:17-cv-01618-AWI-SKO |
| Plaintiff, | **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE** |
| vs. | |
| NEW AGE MEDICAL CLINIC PA, and DOES 1-10, inclusive, | [Filed Concurrently with [Proposed] Order; and Declaration of James Bock |
| Defendants. | Judge: Anthony W. Ishii<br>Date: March 19, 2018<br>Time: 1:30 p.m.<br>Courtroom: 2 |
| | Action Filed: December 4, 2017 |

**TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on March 19 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 2 of the above-entitled Court, located at 2500 Tulare Street, Fresno, CA, Defendant New Age Medical PA ("Defendant") will and hereby does move the Court for an order dismissing Plaintiff Deeba Abedi's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2), and/or 12(b)(3).

This motion is based upon the ground that Defendant lacks sufficient contacts with California to confer general and/or specific personal jurisdiction over it and the venue is improper.

This Motion is, and will be, based upon this Motion, the attached Memorandum of Points and Authorities, the Declaration of James Bock, and all other documents and matters to which this Court may properly take notice at or before the time of the hearing on this matter.

DATED: January 18, 2018

LAW OFFICES OF DAVID HARRISON

By: /s/ David Harrison
David Harrison
Attorneys for Defendant NEW AGE MEDICAL CLINIC PA

---

1

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3) because there is no personal jurisdiction over Defendant New Age Medical Clinic PA ("Defendant") in the State of California and the chosen venue is improper. Plaintiff Deeba Abedi's ("Plaintiff") Complaint, which raises two (2) claims against Defendant pursuant to the Telephone Consumers Protection Act ("TCPA") based on text messages sent from Defendant's place of business in New Jersey to Plaintiff's non-California telephone number, utterly fails to establish any sufficient contacts between Defendant and the State of California or allege that Defendant purposefully availed itself to a California forum. Plaintiff has not and cannot meet her burden to establish that personal jurisdiction exists over Defendant in California, as Defendant, a New Jersey corporation with its principal place of business in New Jersey, does not conduct any business within California. Nevertheless, despite Defendant's residence in New Jersey, lack of any contact with the State of California and the existence of a clear and unambiguous arbitration agreement, Plaintiff has improperly brought the instant complaint in Federal court in California. Accordingly, Defendant's Motion to Dismiss must be granted in its entirety.[1]

## II. STATEMENT OF FACTS

Plaintiff filed the instant complaint on December 5, 2017 alleging two claims under the TCPA arising from text messages she received from Defendant about its services. Specifically, Plaintiff alleges that from April 2017 through September 2017, she received promotional text messages from Defendant. See Complaint ¶ 16.

---

[1] In the event that the Court is not inclined to grant Defendant's Motion to Dismiss, Defendant has concurrently filed a Motion to Compel Arbitration pursuant to the Arbitration Agreement signed by the parties.

While Plaintiff currently resides in Merced, California, she was a patient of Defendant in New Jersey prior to her moving to California. (See Declaration of James Bock ("Bock Decl." ¶¶ 3-4) Defendant provides services for patients in-office by physicians related offers weight reduction, skin and colonic irrigation treatments. Defendant does not solicit products online or treat patients without being physically present in one of its clinics. (Bock Decl. ¶ 2) Defendant does not solicit products online or treat patients without being physically present in one of its clinics. (Bock Decl. ¶ 2)

Defendant is a New Jersey corporation with its principal place of business in New Jersey. (Bock Decl. ¶ 5) As a small medical clinic, Defendant only has two locations, all of which are located in New Jersey. (Bock Decl. ¶ 6) Defendant does not conduct any business outside of the State of New Jersey. (Bock Decl. ¶ 7) When Plaintiff signed up to receive services with Defendant, she provided her non-California telephone number for marketing and other purposes. (Bock Decl. ¶ 8) As a result, any text messages sent by Defendant to Plaintiff were sent to the telephone number that she provided. (Bock Decl. ¶ 9) At no time, did Plaintiff notify Defendant opting out of marketing text messages, nor did she notify Defendant that she moved outside of New Jersey. (Bock Decl. ¶¶ 10-11) While in New Jersey, Plaintiff also signed an agreement to arbitrate all disputes arising out of the services provided by Defendant. (Bock Decl. ¶ 12)

Plaintiff's attempt to force Defendant to defend a lawsuit in California is an egregious display of forum shopping, as Defendant has never conducted any business in the state and has absolutely no connections to the forum.

## III. ARGUMENT

### A. The Burden is on Plaintiff to Establish That Defendant Has Sufficient Contacts With California to Warrant the Exercise of Personal Jurisdiction.

The only basis for the assertion of personal jurisdiction over Defendant in the Complaint is Plaintiff's vague allegation that Defendant is a "New Jersey company headquartered in New Jersey and doing business within and throughout California." See Complaint ¶¶ 6, 7, 14. Plaintiff provides absolutely no facts to support her contention that Defendant does any business in California whatsoever. As such, Plaintiff cannot sustain her burden of establishing personal jurisdiction over Defendant, and the action must be dismissed pursuant to Rule 12(b)(2). *Mattel, Inc. v. Greiner & Hausser GmbH,* 354 F3d 857, 862 (9th Cir. 2003) (plaintiff bears the burden of establishing the district court's personal jurisdiction over the defendant.)

Due process requires that, in order for a forum to exercise personal jurisdiction over a non-resident defendant, that "he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'" *International Shoe Co. v. Washington,* 326 US 310, 316 (1945).

Under Rule 12(b)(2), the court may decide the issue of personal jurisdiction on the basis of affidavits and documentary evidence submitted by the parties, or hold a evidentiary hearing regarding the matter. *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.,* 557 F.2d 1280, 1285 (9th Cir. 1977) Whatever procedure is used, the <u>plaintiff bears the burden</u> of establishing personal jurisdiction. *Ziegler v. Indian River Cnty,* 64 F.3d 470, 473 (9th Cir. 1995). Plaintiff simply has not and cannot meet this burden. As discussed below, Defendant did not have any substantial contacts with the State of California, nor did it engage in any other forum-related activities upon which an assertion of personal jurisdiction could be based.

B. **Plaintiff Cannot Establish General Jurisdiction Over Defendant**

General jurisdiction, properly invoked, allows a federal court to hear a claim against the defendant, even one unrelated to defendant's activities in the forum state. *Perkins v. Benquet Consol. Mining Co.,* 342 U.S. 437, 445 (1952). General jurisdiction is present only if the non-resident's activities in the forum are "substantial" or "continuous and systematic." The standard for establishing general jurisdiction is "fairly high" and requires contacts substantial enough to approximate physical presence. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,* 342 U.S. 437, 1083 (9th Cir. 2000); *Helicopteros Nationales Day Columbia S.A. v. Hall,* 466 U.S. 408, 414-416 (1984); *Daimler AG v. Bauman,* 134 S. Ct. 746 (2014) (a corporate defendant is typically subject to general personal jurisdiction only in its place of incorporation and its principal place of business.)

General jurisdiction is clearly lacking in this case. Plaintiff's Complaint alleges no facts whatsoever that would support an assertion of general jurisdiction in California for claims against Defendant. Defendant is incorporated in the State of New Jersey and its principal place of business is in New Jersey. (Bock Decl. ¶ 5) Defendant has never done any business in California, and there are no contacts with California substantial enough to approximate its presence there. *Bancroft & Masters,* 223 F.3d at 1083. The assertion of general jurisdiction over Defendant in California would, therefore, be improper.

C. **Plaintiff Cannot Establish Specific Jurisdiction Over Defendant**

Specific jurisdiction must exist in order for Plaintiff's claims to be heard in this Court. Specific jurisdiction exists only when the claim for relief arises directly out of the non-resident's forum-related activities. *Rano v. Sipa Press Inc.,* 987 F.2d 580, 588 (9th Cir. 1993). Courts apply a three-part test to determine if the plaintiff has established specific jurisdiction: (1) the nonresident defendant must perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum; (2) the claim must be one which arises out of or

results from the defendant's forum-related activities; and (3) exercise of jurisdiction must comport with principles of fair play and substantial justice. *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987). All three prongs must be met, and the inability to satisfy any of the aforementioned prongs will result in the failure to establish jurisdiction over the defendant. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

### 1. Prong 1 of the Personal Jurisdiction Analysis Must Fail Because Defendant's Acts Were Not Directed Toward California

The Ninth Circuit analyzes the first prong for personal jurisdiction, purposeful availment and purposeful direction, as two separate analyses. In tort cases involving purposeful direction, the Court evaluates such prong under the "effects" test from *Calder v. Jones*, 465 U.S. 783 (1984). *See Dole Food Co, Inc. v. Watts*, 303 F.3d 1104 (9th Cir. 2002). Under *Calder*, the "effects" test requires that the defendant allegedly (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. *Id.*

It is obvious that Defendant did not engage in any intentional actions directed at California, as Defendant merely sent text messages to Plaintiff's non-California telephone number that she provided. (Bock Decl. ¶¶ 8-9) Defendant's services consist of patients physically coming to a facility in New Jersey to be treated by a physician. (Bock Decl. ¶¶ 2, 6) Defendant does not solicit products online or treat patients without being physically present in one of its New Jersey clinics. (Bock Decl. ¶¶ 2, 6) Defendant had no way of knowing where in the world Plaintiff was located and certainly, had no intent (or ability) conduct any business in the State of California. Defendant did not purposefully avail itself to California because it does not market to or solicit services in California, nor does it offer service to any customers in California. In *Sojka v. Loyalty Media*, LLC, 2015 U.S.

Dist. LEXIS 66045 *7 (N.D. Ill. May 15, 2015), the Court held that that promotional text messages sent from a Colorado restaurant to an Illinois phone number that was redeemable only at a restaurant's Colorado location did not confer specific personal jurisdiction on the defendant in Illinois. The Court further opined that "text message 'contacts' are random, fortuitous and attenuated, and cannot form the basis of specific personal jurisdiction." *Id., citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985); *see also Advanced Tactical Ordance Sys., LLC v. Real Action Paintball Inc.*, 751 F.3d 796, 802 (7th Cir. 2014) ("the mere fact that [defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction."); *Mobile Anesthesiologists v. Anesthesia Associates of Houston Metroplex*, 623 F.3d 440, 447 ("the cases that have found express aiming have all relied on evidence beyond the plaintiff's mere residence in the forum state.") Like the defendant in *Sojka*, Defendant did not operate in the forum state, or target customers there. Accordingly, Defendant did not intend to serve the California market and therefore, did not purposefully avail itself to the California forum. *See Cantu v. Platinum Mktg. Grp., LLC*, 2015 U.S. Dist. LEXIS 90824 (S.D. Tex. July 13, 2015) (contacting a cell phone number area code assigned to a particular state, by itself, is insufficient to establish personal jurisdiction over an out-of-state defendant when the call gives rise to an alleged claim under the TCPA.)

      **2.     Prong 2 of the Personal Jurisdiction Analysis Must Fail Because Defendant Has No Meaningful Contacts With California and It's Alleged Acts Do Not Arise From Contact With California**

The second requirement for specific personal jurisdiction is that Plaintiff's claim arises out of Defendant's forum-related activities. *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1485 (9th Cir. 1993). In analyzing whether the plaintiff's claim arises out of defendant's forum-related activities, the courts apply a

6

"but for" test. *John Doe v. Unocal Corp.*, 248 F.3d 915, 924 (9th Cir. 2001). The "but for" test is a simple test where the plaintiff must demonstrate that the plaintiff's claims against the defendant would not have arisen "but for" the defendant's contact with the forum state. *See Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995).

Here, Plaintiff cannot meet her burden in demonstrating her claim arises out of Defendant's forum-related activities, as Defendant did not engage in any activities in California. Defendant had absolutely no contact with the forum state, as it merely sent text messages to the non-California area code phone number provided by Plaintiff.

### 3. Prong 3 of the Personal Jurisdiction Analysis Must Fail Because Exercise Of Personal Jurisdiction Over Defendant is Unreasonable

If the Plaintiff meets its burden in satisfying the first two prongs, then the Court must analyze the third and final prong for jurisdiction, reasonableness, by consider the following seven factors: (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Core-Vent Corp*, 11 F.3d at 1487-88. None of the factors are dispositive, and they must be balance together. *Id.*

Subjecting Defendant, a small business confined to the State of New Jersey, to jurisdiction on the other side of the country would be patently unreasonable. As explained above, Defendant did not purposefully inject itself into any affairs in California, as it merely sent text messages to the non-California telephone number that Plaintiff provided. (Bock Decl. ¶¶ 8-10) Defendant has no presence in

7

California and would extremely burdened by having to defend itself against a lawsuit in the State.

### D. Venue is Improper

In addition to lacking personal jurisdiction over Defendant, Plaintiff's Complaint should be dismissed because it was not filed in the proper venue. Plaintiff claims venue is proper pursuant to U.S.C. § 1391(b)(2). See Complaint, ¶ 7. U.S.C. § 1391(b)(2), provides that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is subject to the action is situated." Without asserting more or providing an underlying basis for her belief, Plaintiff merely states that venue under U.S.C. § 1391(b)(2) is appropriate "because Defendants are subject to personal jurisdiction in the County of Merced, State of California." See Complaint, ¶ 7. Plaintiff's reliance on U.S.C. § 1391(b)(2), is illogical, as personal jurisdiction does not play into the analysis under U.S.C. § 1391(b)(2). Moreover, Plaintiff was a client of Defendant in New Jersey, signed all documents, including the Arbitration Agreement in New Jersey, and provided Defendant with a non-California telephone number. (Bock Decl. ¶¶ 3, 4, 8, 12)

Accordingly, Plaintiff has failed to satisfy U.S.C. § 1391(b)(2) by failing to allege that any part of the events or omissions giving rise to its claim occurred in California.

///
///
///
///
///
///
///

DAVID HARRISON CA Bar No. 206279
dshesq@gmail.com
LAW OFFICES OF DAVID HARRISON
9454 Wilshire Blvd., Suite 303
Beverly Hills, CA 90212
Telephone: 310.449.4732
Facsimile: 310.861.5444

Attorneys for Defendant
NEW AGE MEDICAL CLINIC PA

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEEBA ABEDI, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NEW AGE MEDICAL CLINIC PA, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 1:17-cv-01618-AWI-SKO<br><br>**DECLARATION OF JAMES BOCK IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**<br><br>[Filed Concurrently with Notice of Motion and Motion; Memorandum of Points and Authorities; and [Proposed] Order]<br><br>Action Filed: December 4, 2017 |

DECLARATION OF JAMES BOCK

## IV. CONCLUSION

For the foregoing reasons, Plaintiff cannot sustain her burden of establishing personal jurisdiction under Rule 12(b)(2). Likewise, Plaintiff cannot establish that she filed the Complaint in the proper venue pursuant to U.S.C. § 1391(b)(2). As such, Plaintiff's Complaint must be dismissed pursuant to Rule 12(b)(2) and 12(b)(3).

DATED: January 18, 2018

LAW OFFICES OF DAVID HARRISON

By: *[signature]*
David Harrison
Attorneys for Defendant NEW AGE MEDICAL CLINIC PA

# DECLARATION OF JAMES BOCK

I, James Bock, declare and state as follows:

1. I am owner and president of Defendant NEW AGE MEDICAL CLINIC PA. The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

2. NEW AGE MEDICAL CLINIC PA offers weight reduction, skin and colonic irrigation treatments. Defendant's services consist of patients physically coming to a facility to be treated by a physician. Defendant does not solicit products online or treat patients without being physically present in one of its clinics.

3. Beginning in February 2015, Plaintiff was a patient of Defendant's office located at 494 N State Rt 17, Paramus, New Jersey. Plaintiff purchased a service package offered by Defendant through Groupon.

4. While Plaintiff currently resides in Merced, California, she was a patient of Defendant's New Jersey office prior to her moving to California.

5. Defendant is incorporated in the State of New Jersey and has its principal place of business in New Jersey.

6. Defendant only has two locations, all of which are located in New Jersey.

7. Defendant does not do any business outside of the State of New Jersey.

8. When Plaintiff signed up to receive services with Defendant, she provided her non-California telephone number for marketing and other purposes.

9. Any text messages sent by Defendant to Plaintiff were sent to Plaintiff's non-California telephone number that she provided.

10. At no time did Plaintiff notify Defendant opting out of receiving text messages.

11. At no time did Plaintiff inform Defendant that she moved outside of New Jersey.

///

12. While in New Jersey, Plaintiff signed an agreement to arbitrate all disputes arising out of the services offered by Defendant in the State of New York.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed on January 18, 2018, at Wayne, New Jersey.

_____
JAMES BOCK, AS OWNER AND
PRESIDENT OF NEW AGE MEDICAL
CLINIC PA

2
DECLARATION OF JAMES BOCK

| | |
|---|---|
| 1 | **<u>PROOF OF SERVICE</u>** |
| 2 | **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES** |
| 3 | I am over the age of 18 and not a party to this action.  I am a resident of or employed in the |
| 4 | county where the mailing occurred; my business address is: |
| 5 | 9454 Wilshire Blvd., Ste. 303 |
|   | Beverly Hills, CA 90212 |
| 6 | On January 19, 2018, I served the following document(s) described as: |
| 7 |  |
| 8 | 1. DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE |
|   | 2. DECLARATION OF JAMES BOCK |
| 9 | 3. [PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER |
| 10 | VENUE |
| 11 | on the following parties: |
| 12 |  |
| 13 | Tom M. Friedman, Esq. |
|   | Law Offices of Tom M. Friedman, P.C. |
|   | 21550 Oxnard St., Ste. 780 |
| 14 | Woodland Hills, CA 91367 |
|   | Fax – 866.633.0228 |
| 15 |  |
| 16 | ☒  (By U.S. Mail) I deposited such envelope in the mail at Beverly Hills, California with |
| 17 | postage thereon fully prepaid. |
| 18 | ☒  (By Facsimile) I served the above documents by facsimile to the numbers indicated |
| 19 | above and said transmission was completed without error. |
| 20 |  |
| 21 | I declare that I am employed in the office of a member of the Bar of this Court at whose |
| 22 | direction the service was made.  I declare under penalty of perjury under the laws of the United |
| 23 | States of America that the above is true and correct. |
| 24 |  |
|   | Date: January 19, 2018 |
| 25 |  |
| 26 | David Harrison |
|   | _____                                            */s/ David Harrison* |
| 27 | -------------------------                                            ------------------------ |
|   | Type Name                                                             Signature |
| 28 |  |