# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DEEBA ABEDI, individually and on behalf of all other similarly situated,**<br><br>**Plaintiff**<br><br>v.<br><br>**NEW AGE MEDICAL CLINIC PA, and DOES 1-10 inclusive,**<br><br>**Defendant** | **CASE NO. 1:17-CV-1618 AWI SKO**<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE** |

On June 25, 2018, the Court granted a Rule 12(b)(2) motion to dismiss and closed the case. See Doc. No. 19. As part of that order, the Court also *sua sponte* issued an order to show cause why sanctions should not be imposed under Rule 11(b)(3). See id. The basis for the show cause order were due to factual inaccuracies in the Complaint – that Defendant did business in Merced, California, that Plaintiff was never a customer of Defendant, and that Plaintiff never provided her telephone number to Defendant for any reason whatsoever. See id.

On June 28, 2018, Plaintiff's counsel filed a timely response. See Doc. No. 20. In relevant part, Plaintiff's counsel states that Plaintiff reached out to his office and provided the text messages that formed the basis of the complaint, and those messages did not indicate a preexisting relationship. See id. The attorney who drafted the Complaint used a template that included the language at issue in ¶ 20. Plaintiff's counsel also states that Plaintiff informed his office that she never consented to receive emails. See id. Plaintiff's counsel explains that legally, the second portion of ¶ 20 regarding a lack of consent was the legally important portion from a pleading standpoint. See id. Plaintiff's counsel states that the portion of ¶ 20 that was identified by the

Court is inaccurate and apologizes for its overlooking its inclusion. See id. Plaintiff's counsel states that he learned of the erroneous nature of ¶ 20 when he received an email that was forwarded to him by Defendant's president. See id. Upon learning of the error, Plaintiff's counsel states that it was decided to wait to amend the complaint and correct the error at an appropriate time before the case "came at issue" and after the Court ruled on the Rule 12 motion and the motion to compel. See id. Plaintiff's counsel further states that in the briefing opposing Defendant's motions, the true facts were acknowledged and utilized. See id. Plaintiff's counsel acknowledges the errors in the complaint, but those erroneous positions were never further relied on or advanced. See id. Plaintiff's counsel apologizes and requests that neither he nor his firm be sanctioned for a good faith and non-material error. See id. Plaintiff's counsel states that in the future, he will ensure that his firm is more careful in reviewing and filing complaints.[1] See id.

The Court accepts counsel's apology and is pleased that steps will be taken to ensure that readily verifiable facts are not inaccurately alleged in future complaints. The Court finds it significant that counsel's firm did not continue to assert the inaccurate portions of ¶ 20 in any further submissions to the Court, but instead acknowledged the true facts as part of the opposition.[2] The Court is satisfied that there was not an intent to deceive either the Court or opposing counsel, and that a template that contained the false allegation was utilized based on information in counsel's possession. Because counsel acknowledges the error and assures the Court that steps are being taken to correct this problem, the Court will not issue sanctions and will discharge the order to show cause.[3]

---

[1] Counsel also addresses the Court's concern regarding the allegation that Defendant was doing business in California. Counsel explains his position and cites legal precedent in support of his arguments. Counsel's response is sufficient to show that there was at least an arguable basis for the allegation. The Court does not detect bad faith. Therefore, sanctions for this aspect of the Complaint will not be imposed.

[2] A footnote in Plaintiff's opposition that acknowledged that ¶ 20 was erroneous would have been appropriate and would have forestalled the Court from issuing the order to show cause.

[3] While the Court agrees with Plaintiff's counsel that consent has legal importance and is a material issue in TCPA cases, the allegations that describe the relationship between Plaintiff and Defendant are not irrelevant. As pled, ¶ 20 suggests that random "robo-texts" were made, when in fact there was a pre-existing relationship and a non-random basis for sending the text to Plaintiff. How Plaintiff's number was obtained and the non-random reason why Plaintiff received the texts are relevant background facts that change the tenor of the case and transforms it from a "simple" robo-text matter.

Accordingly, IT IS HEREBY ORDERED that:

1. The June 25, 2018 Order to Show Cause is DISCHARGED; and
2. This case remains CLOSED.

IT IS SO ORDERED.

Dated: July 5, 2018

_____
SENIOR DISTRICT JUDGE